**DESIGN PAK, INC., Plaintiff, Appellant,**

v.

**SECRETARY OF the TREASURY, et al., Defendants, Appellees.**

No. 85–1966.

United States Court of Appeals, First Circuit.

Dec. 12, 1985.

## ORDER OF COURT

In July, 1985, Congress passed the "Statue of Liberty—Ellis Island Commemorative Coin Act" ("Coin Act"). P.L. 99–61, 99 Stat. 113 (July 9, 1985). That Act directed the Secretary of the Treasury to issue and market a limited number of commemorative coins, proceeds of which would aid the Ellis Island restoration effort. The program operated under a strict time frame,

designed to coincide with the centennial events of 1986: the Secretary could issue coins as of October 1, 1985, but could not mint coins after December 31, 1986. The Secretary was directed to "take all actions necessary to ensure that the issuance of the coins authorized by this title shall result in no net cost to the United States Government." Congress gave the Secretary broad discretion in fulfilling the mandates of the statute, and specifically provided that "[n]o provision of law governing procurement or public contracts shall be applicable to the procurement of goods or services necessary for carrying out the provisions of this title."

As part of its effort to market the coins, the Treasury Department solicited bids for the manufacture of containers for the commemorative coins. Appellant Design Pak, Inc. ("Design Pak") submitted a bid pursuant to this solicitation. Design Pak was informed that its bid was competitive, and was invited to a meeting with other competitive bidders. At the meeting, revised criteria for awarding the contract were discussed, and "best and final" offers were solicited. Design Pak's "best and final" offer was rejected in favor of two competitors. Design Pak commenced this action to enjoin award of the contracts to the two competitors.

In the district court, the Government moved to dismiss the suit for lack of jurisdiction. The Government argues that the wording, legislative history, and purpose of the statute impliedly withdrew jurisdiction from the federal courts. In particular, the Government points to the urgent and immutable time frame within the statute, the broad discretion given the Secretary by mandating procurement and contract statutes inapplicable, and the Secretary's understanding, conveyed to Congress, that her actions would not be subject to judicial review.[1] The district court initially agreed

---

1. At the Joint Hearing before the Subcommittee on Consumer Affairs and Coinage, Secretary Ortega stated:

   [T]he proposed legislation authorizes a general waiver of the procurement regulations.

   The procurement rules assume competitive bidding which reduces the cost, guarantees the quality of services provided, and maintains fairness in Government contracting. However, the procurement requirements also

with the government. Upon reconsideration, however, the court revoked its order, but denied Design Pak's request for a preliminary injunction. Design Pak appealed, and now requests that we grant an injunction pending disposition of the appeal. In our opinion, however, Design Pak has failed to demonstrate that it is entitled to an injunction.

Design Pak is entitled to an injunction only if it demonstrates (1) that it will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting injunctive relief would inflict on the defendant; (3) that it has a likelihood of success on the merits, and (4) that the public interest will not be adversely affected by the granting of the injunction. *Martinez Rodriguez v. Jimenez*, 537 F.2d 1, 2 (1st Cir.1976); *Planned Parenthood League of Massachusetts v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir.1981).

■ The availability of a remedy at law, the unlikelihood that Design Pak would succeed on the merits, and the disasterous effect that granting an injunction would have on the coin distribution program, are decisive in this case. From the record it appears that contracts to produce the containers have already been awarded, and that production is imminent. To enjoin further activity would seriously handicap the Secretary's efforts to market the coins in a timely manner. It is obvious from the Coin Act that Congress wished to expedite production and distribution of the coins, and we would not thwart the will of Congress in the circumstances of this case.

Furthermore, we cannot say that Design Pak has met its burden of demonstrating that it is likely to succeed on the merits of this case. First, a substantial question remains whether Congress intended to withdraw jurisdiction for review from the courts. As a rule, jurisdiction is presumed

unless Congress has specifically indicated an intent to withdraw the right of judicial review. *In re Smith & Wesson*, 757 F.2d 431, 435 n. 4 (1st Cir.1985). The Coin Act contains no such specific wording. Given the structure and history of the statute, however, the Government's argument is not without force.

■ We need not address this issue at this time, however, since even assuming jurisdiction Design Pak has not made a sufficiently strong preliminary showing of entitlement to injunctive relief. Design Pak argues in essence that under the criteria in the initial bid request it was entitled to a contract. Where, as here, the Secretary was endowed with broad authority to take such actions as necessary to fulfill her mandate, a disappointed bidder bears a heavy burden in demonstrating a right to relief. *See e.g. Davis Associates Inc. v. Secretary, Department of Housing and Urban Development* 498 F.2d 385, 390 (1st Cir.1974) (no review of decision rejecting bid). We also note that Design Pak was forewarned in the initial bid request that the Government "[might] conduct further discussions on proposals submitted by firms which [were] considered to be within the competitive range." (Complaint, Appendix A, MSOL–85–05, p. 8). Apparently the Government did precisely that, and issued revised criteria in light of the discussions. (Complaint, ¶ 7, 9.). The Secretary then evaluated the "best and final" offers of the competitive bidders, and awarded contracts to those manufacturers whose bids were, in her opinion, most advantageous to the Government. Given the broad range of discretion afforded the Secretary, Design Pak's argument that this process was unlawful is not, at least initially, convincing.

offer opportunities to disappointed bidders to challenge the low bid award and in turn delay implementation of the program. Therefore, in this instance the waiver would be useful in meeting the very demanding time frame and marketing program in a venture of this nature.

*Statue of Liberty-Ellis Island Commemorative Coin Act.: Joint Hearing before the Subcomm. on Consumer Affairs of the House Comm. on Banking and Urban Affairs and the Senate Comm. on Banking, Housing and Urban Affairs* 99th Cong., 1st Sess. 39 (1985).

Lastly, Design Pak has not demonstrated that an award of damages is unavailable or inadequate. In the absence of a specific statutory directive, an inadequate remedy at law is a prerequisite to a request for review under the Administrative Procedure Act. 5 U.S.C. § 704.

Thus the district court could properly conclude that Design Pak has failed to demonstrate that it was entitled to enjoin further action by the Government. Accordingly, the motion for an injunction pending appeal is denied.